UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24334-CIV-O'SULLIVAN

[CONSENT]

SHANRIKA DUHART,

    Plaintiff,

v.

PUPPY MANAGEMENT, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Final Judgment (DE# 64, 3/1/19) filed by the plaintiff.

On September 21, 2018, the Court entered an Order granting the parties' Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice (DE# 62, 9/20/18). See Order Approving Settlement Agreement and Dismissing Case with Prejudice (DE# 63, 9/21/18). In that Order, the Court retained jurisdiction until July 1, 2019 to enforce the terms of the settlement. Id.

On March 1, 2019, the plaintiff filed the instant Motion for Final Judgment (DE# 64, 3/1/19) (hereinafter "Motion"). The defendant's response was due on March 18, 2019. No response was filed. The following day, the Court issued an Order (DE# 65) requiring the defendant to file a response no later than April 5, 2019. The Order warned the defendant that pursuant to S.D. Fla. L.R. 7.1(c), "[t]he failure to file a response may result in an Order granting the Motion for Final Judgment (DE# 64, 3/1/19) by default."

Id. (emphasis omitted). To date, no response has been filed. The defendant's failure to file a response is sufficient cause for granting the instant motion by default under Rule 7.1(c).

Additionally, the plaintiff is entitled to the relief requested on the merits. The parties entered into a Settlement Agreement which was approved by this Court. See Order Approving Settlement Agreement and Dismissing Case with Prejudice (DE# 63, 9/21/18). A copy of the Settlement Agreement (DE# 64-1, 3/1/19) was attached to the instant Motion. The Settlement Agreement is governed by Florida law. Id. at ¶ 9. "Under Florida law, a settlement agreement is treated 'as a distinct contract, separate from the parties' underlying agreements.'" Ekins v. Harbourside Funding, LP, 608 F. App'x 803, 805 (11th Cir. 2015) (quoting Lazy Flamingo, USA, Inc. v. Greenfield, 834 So.2d 413, 414 (Fla. 2d DCA 2003)). Where there are no ambiguities in the contract, "the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." Acceleration Nat. Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc., 541 So. 2d 738, 739 (Fla. 3d DCA 1989).

In the instant case, the parties entered into a Settlement Agreement which provided for the payment of $7,000 to the plaintiff and $4,500 to the plaintiff's counsel. Settlement Agreement (DE# 64-1 at ¶ 2, 3/1/19). The plaintiff received her portion of the settlement amount and the defendant was required to pay the $4,500 owed to the plaintiff's counsel in nine monthly installments of $500 beginning on September 30, 2018. Id.

The Settlement Agreement contains a provision governing the event of a non-

payment:

> **Failure to Make Payment.** Should any payment not be made in a timely manner, as defined in Paragraphs 2(b)(i) – (ix), above, and after providing counsel for Defendant, Arthur J. Jones, Esq., with written notice, and after a five (5) day period to cure the deficiency, Plaintiff's counsel will be entitled to an Ex Parte Final Judgment in the total amount of Thirty Thousand Dollars [sic] ($9,500.00), less any payments already made.

Settlement Agreement (DE# 64-1 at ¶ 3, 3/1/19). The Settlement Agreement also contains an attorney's fee provision if the agreement has been breached. Id. at ¶ 10 (stating, in part, that "[i]n the event of a breach of any of the provisions of this Agreement, the breaching party shall pay the reasonable attorney's fees and expenses of the non-breaching party incurred as a result of the breach.").

The plaintiff states in her motion that the defendant has failed to make payments pursuant to the Settlement Agreement since January 30, 2019. See Motion at 2. Pursuant to the Settlement Agreement, the plaintiff provided the defendant's counsel with written notice of the breach and the five-day cure period has long passed. Therefore, the plaintiff has shown that the defendant breached the settlement agreement and is entitled to the entry of a judgment in the amount of **$7,500.00** ($9,500.00 minus $2,000.00 already paid by the defendant).

The plaintiff is also seeking to recover one hour of attorney's fees at an hourly rate of $325. The Court finds that $325 is a reasonable hourly rate for someone of attorney Brian Militzok's background and experience. Additionally, the Court finds one hour to be a reasonable amount of time for addressing this matter. Accordingly, the Court will permit an award of $325 in attorney's fees.

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion for Final Judgment (DE# 64, 3/1/19) is **GRANTED**. The Court will enter a Final Judgment in the amount of $7,825.00 ($7,500 plus $325) in favor of Militzok Law, P.A. and against the defendant in a separate Order.

DONE AND ORDERED in Chambers at Miami, Florida this **9th** day of April, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE